FILED
United States Court of Appeals
Tenth Circuit

July 9, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

TONI R. DONAHUE, individually and on
behalf of minor child, DCD,

      Plaintiff - Appellant,

v.

GOVERNOR SAM BROWNBACK,

      Defendant - Appellee.

No. 18-3237
(D.C. No. 2:18-CV-02055-CM-JPO)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Pro se litigant Toni R. Donahue brought suit against then-Kansas-Governor

Sam Brownback in his official and individual capacities, asserting claims under

42 U.S.C. § 1983, The Rehabilitation Act of 1974, and the Individuals with

Disabilities Education Act (IDEA).  The district court dismissed the action for

various reasons, including that Eleventh Amendment Immunity barred the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

official-capacity claims for monetary damages against Brownback. Donahue appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Donahue's claims against Brownback were prompted by the treatment her minor child, DCD, received at school. According to Donahue's amended complaint, DCD "served 'shock time' in a 5x4 isolation prison cell, located inside his autism classroom," at least six times in a six-month period, which resulted in "approximately 65-75 moderate [physical] injuries," and behavioral and emotional problems. R. at 30. Donahue alleged that because Brownback signed the Freedom from Unsafe Restraint and Seclusion Act, Kan. Stat. Ann. § 72-6151 to 72-6158, authorizing the use of such isolation cells in special-needs classrooms, he was liable for DCD's confinement in the cell, which violated DCD's civil rights, the Rehabilitation Act, and the IDEA. She also asserted that Brownback was liable for failing to train and supervise social workers at the Department of Children and Families (DCF), failing to implement policy changes at the DCF, and failing to train police officers in local police departments. She sought monetary damages for herself and DCD, and injunctive relief.

Brownback filed a motion to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which the district court granted. Donahue appeals.

## II. Discussion

Affording Donahue's opening appellate brief the liberal construction it is entitled to, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we find only

2

one argument on a dispositive issue that is adequately presented—whether the district court erred in concluding that Eleventh Amendment immunity bars the official-capacity § 1983 claims for monetary damages against Brownback.[1] She has therefore waived appellate review of the remainder of the district court's rulings on Brownback's motion to dismiss. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (explaining that the failure to raise an issue in an opening brief waives appellate review of that issue); *see also Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised

---

[1] In her opening brief, Donahue briefly contests two of the district court's other statements, but neither merits substantive analysis. The first statement is that she had not exhausted her remedies under the IDEA. But that determination was only one of two alternative reasons the court gave for dismissing the IDEA claim; the other reason was that Donahue failed to show that Brownback was liable under the IDEA. *See* R. at 93. Donahue has not contested this alternative rationale. "When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling." *Starkey ex rel. A.B. v. Boulder Cty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009).

The second statement Donahue contests is that she could not seek relief under the Rehabilitation Act because she is not disabled. We fail to see where the district court made this statement. Even if it did, the court dismissed the Rehabilitation Act claim because Donahue had not pleaded any facts showing that Brownback is a "'program' or 'activity' that has received federal funds," R. at 93, which is an essential element of a prima facie Rehabilitation Act claim, *see Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008). Donahue has not challenged that conclusion.

Additionally, in her reply brief, Donahue takes issue with some of the district court's reasons for dismissing her other claims, and she asserts that DCD's confinement in the isolation cell was an unconstitutional criminal confinement. We ordinarily do not consider matters raised for the first time in an appellate reply brief, including arguments that might support a court's jurisdiction. *McKenzie v. U.S. Citizenship and Immigration Servs.*, 761 F.3d 1149, 1154–55 (10th Cir. 2014). We decline to do so here.

in the opening brief is deemed waived."). "We review a district court's determination of Eleventh Amendment immunity de novo." *Arbogast v. Kan., Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States *by Citizens of another State*, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI (emphasis added). Donahue's sole argument is that the plain language of the Eleventh Amendment bars only claims against one of the United States when brought by a citizen of *another* state, but not where, as here, the claim is brought by a citizen of the *same* state. But in *Edelman v. Jordan*, the Supreme Court explained that although "the Amendment by its terms does not bar suits against a State by its own citizens," the Court had long held "that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." 415 U.S. 651, 662–63 (1974). It is also well-established that official-capacity § 1983 claims against a state official (like former Governor Brownback) are claims against the state. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself"). It is equally well-established that "Congress did not abrogate state Eleventh Amendment immunity when enacting § 1983."

*Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Donahue urges us to revisit this Eleventh Amendment jurisprudence, but we are not at liberty to do so. *See Navajo Nation v. Dalley*, 896 F.3d 1196, 1208 n.6 (10th Cir. 2018) ("[W]e are bound to follow both the holding and the reasoning, even if dicta, of the Supreme Court." (emphasis omitted)), *cert. denied*, 139 S. Ct. 1600 (2019); *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("We are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court." (internal quotation marks omitted)).

## III.   Conclusion

The district court's judgment is affirmed.  Donahue's motion to file reply brief out of time is granted.

Entered for the Court

Gregory A. Phillips
Circuit Judge